## THE YOUNG AMERICA.[1]

(*District Court, E. D. New York.* July 7, 1885.)

TUG AND TOW—APPROACHING SQUALL—NEGLIGENCE IN NOT ANCHORING.

> A tug which had assumed command of a bark on commencing to tow her, with the responsibility of determining when to proceed and when to anchor, was *held* negligent in not anchoring the bark in time, in the face of an approaching squall, which it was evident would be severe, and liable for damage caused the bark by coming in contact with other vessels during the squall, before she was able to reach her destination.

In Admiralty.

*Butler, Stillman & Hubbard,* for libelant.

*Beebe & Wilcox,* for claimant.

BENEDICT, J. The tug in this instance assumed the command of the bark upon commencing to tow her, and with the responsibility of determining when to proceed and when to anchor. The fouling of the bark in the heavy squall that struck the tug and her tow before she was able to reach her destination at Erie basin cannot be attributed to any negligence on the part of the tug in the management of the tow during the squall. Her negligence, if there was any, consisted in omitting to anchor the bark before she was struck by the squall. It seems to me evident that, under the circumstances, prudence required the tug to bring the bark to anchor, and not to attempt to get the bark into Erie basin in the face of the approaching squall. The case, then, turns upon the question whether the tug had sufficient notice of the coming of the squall to enable her to anchor the bark before the storm reached her. Upon this point my conclusion is adverse to the tug. I am of the opinion that the squall was seen to be coming, and that it was evident that it would be severe. Two courses were open to the tug: to anchor in time, or to keep on and attempt to reach the basin before the storm. She chose the latter course. Unfortunately, the storm came faster than the tug had calculated, and caught her before she could gain the protection of the basin, and her tow was in consequence damaged by coming in contact with other vessels. The consequences of this error of judgment in the tug cannot be cast upon the bark, but must be borne by the tug, because she, without necessity, assumed the risk. In the face of an approaching squall she endeavored to reach the Erie basin, when she could easily have anchored the bark. For this culpable error of judgment she must be held responsible for the damage sustained by the bark while in her charge.

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.